210 So.2d 312

**FRUEHAUF TRAILER COMPANY**

v.

**Carl J. BAILLIO.**

No. 49033.

April 29, 1968.

Rehearing Denied June 4, 1968.

Clement F. Perschall, New Orleans, for defendant-appellant.

Chaffe, McCall, Phillips, Burke, Toler & Hopkins, Peter A. Feringa, Jr., New Orleans, for plaintiff-appellee.

GLADNEY, Justice-ad-Hoc.

In the exercise of our supervisory jurisdiction, we directed certiorari to the Court of Appeal, Fourth Circuit, in order that we might review its judgment dismissing defendant's appeal in the present matter. 204 So.2d 139; Art. VII, Sec. 11, La.Const. of 1921; 251 La. 757, 206 So.2d 98.

The pertinent chronological facts herein involved are to the effect that on November 15, 1960 plaintiff sued defendant for the alleged unpaid balance of a promissory note for $6,013.70, dated January 21, 1960, plus accrued interest and attorney's fees. After hearing evidence and the submission of the case on briefs on February 16, 1965, the trial court read, rendered, and signed its judgment on May 18, 1966, in favor of Fruehauf Trailer Company on the main demand and on the reconventional demand and against Carl J. Baillio on both demands. With respect to notice of judgment, the

Court of Appeal stated that, "Notice of judgment, as required by LSA–C.C.P. Art. 1913, was mailed by the clerk of court to plaintiff's counsel of record on May 20. Because of some error or failure on the part of the clerk of court, notice to defendant's counsel was not mailed until July 22, 1966."

On July 26, 1966, defendant filed a motion for a new trial. The trial judge signed an order on August 1, 1966, directing plaintiff to show cause on August 8, 1966 why the judgment rendered May 18, 1966 should not be set aside and annulled and a new trial granted in the matter. On August 8, 1966, the motion for a new trial was taken up, argued, submitted, and denied. The trial court ruled, "Considering the oral statements herein offered, the testimony previously given herein, and reexamination of the documents introduced in the record, the Court finds that the original judgment is fully in accord with the law and the evidence, and finding that *the application for new trial was timely filed,* * * * the motion for new trial * * * be and it is hereby denied." (Emphasis ours.)

On November 4, 1966, defendant filed a motion for appeal stating in part, " * * * upon suggesting to the Court that defendant herein, * * * is aggrieved by the judgment rendered and signed on August 8, 1966, and that he desires to appeal devolutively therefrom * * * " On the same day, November 4, 1966, the appeal

was granted, order issued, and bond in the sum of $200.00 was filed. After a number of extensions granted by the trial court, the appeal returnable to the Court of Appeal on December 28, 1966 was filed in the Court of Appeal on April 10, 1967.[1]

On October 4, 1967, plaintiff filed two motions to dismiss defendant's devolutive appeal in the Court of Appeal. The first motion alleged that appellant had failed to file his motion for appeal within 90 days of the delay allowed for timely filing a motion for new trial as required by Code of Civil Procedure Article 2087.[2] The second motion alleged that if the Court of Appeal found that defendant did timely file his motion for appeal, then defendant did not pay the full costs of court as required by law.

From the record as submitted, the Court of Appeal found that appellant's motion for appeal was not an appeal from the final judgment in the case, but was, instead, an attempted devolutive appeal from a judgment denying a motion for a new trial. It held that judgment rendered on a motion for new trial is not an appealable judgment, and there being no right to appeal, the appeal could be dismissed at any time. LSA–C.C.P. Art. 2162. The Court stated that in view of the rationale of its opinion, it was unnecessary to discuss the events which transpired giving rise to appellee's motions to dismiss.

In this Court, Fruehauf Trailer Company has filed and reurged motions to dismiss identical to those filed in the Court of Appeal. It urges that defendant's motion for a new trial was not timely applied for, and that therefore his motion for a devolutive appeal was not timely made. It further urges, in substance, that the record filed in the Court of Appeal is not complete in that some testimony adduced in the trial court was omitted from the record

---

1. In brief in opposition to motions to dismiss, defendant alleges in this Court that, "Just shortly before the case was set for argument in the Court of Appeal, Counsel for appellant ascertained for the first time that all of the testimony was not included in the record."

2. "Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:

"(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if not application has been filed timely;

"(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or

"(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.

"  *      *      *      *      * "

due to the fact that appellant did not pay for its transcription.

Defendant contends that he intended to appeal from the judgment of May 18, 1966 and not from the judgment of August 8, 1966 denying his application for a new trial; he urges that the Court of Appeal committed error in dismissing the appeal because of an inadvertent error. With respect to his alleged failure to pay all costs, defendant avers that he was not aware of the fact that some of the stenographers' fees were not included in the overall costs of the lower court; he further urges that since he paid all filing and court costs of the appellate court, the appeal should not be dismissed for failure to pay costs.

As stated supra, the present case was taken under advisement by the trial judge on February 16, 1965, and he did not render judgment until May 18, 1966. LSA–C.C.P. Art. 1974 provides that the delay for applying for a new trial shall be three days, exclusive of legal holidays, and, except as otherwise provided, the delay commences to run on the day after the judgment was signed. Article 1974 further provides that, "When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." Article 1913 provides in part: " * * * when a case

has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed." The record reflects and the Court of Appeal found as a fact, supra, that the trial court's judgment of May 18, 1966 was not mailed to defendant's counsel until July 22, 1966.

Under the circumstances of this case, we find that the delay for applying for a new trial commenced to run on Saturday, July 23, 1966, the day after notice of the judgment of May 18, 1966 was mailed to counsel for the defendant. Motion for a new trial was therefore timely filed on July 26, 1966. Our finding is in accord with that of the trial judge who stated, supra, that the application for new trial was timely filed. The motion for appeal was filed on November 4, 1966, approximately eighty-four days after defendant's motion for a new trial was denied on August 8, 1966. Ninety days had not elapsed, and this motion was therefore likewise timely filed. See, LSA–C.C.P. Art. 2087, supra.

A review of the record affirmatively discloses that defendant felt aggrieved

by the trial court's judgment of May 18, 1966. It condemned him to pay $5,344.00, together with 8% interest from November 15, 1960 until paid and attorney's fees in the amount of 15%. The judgment further recognized plaintiff's alleged lien and chattel mortgage. In his motion for a new trial, supra, defendant set forth reasons why he felt aggrieved by the judgment. In denying the motion for a new trial, August 8, 1966, the trial court specifically stated, supra, that the original judgment was fully in accord with the law and the evidence. These facts make conclusive the finding that when defendant stated in his motion for appeal that he was aggrieved by the judgment rendered and signed on August 8, 1966, he committed an inadvertency, really meaning the judgment of May 18, 1966.

The Court of Appeal attempted to differentiate this case from that of Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904; it also attempted to differentiate defendant's error from that committed in the Kirkeby-Natus case. We find that the case is apposite, and that the error is almost identical. In the Kirkeby-Natus case, a new trial was denied on July 6, 1965; in the petition for appeal, petitioner alleged that he desired to appeal devolutively from the final judgment rendered on July 6, 1965. This Court held that petitioner intended to, and did, appeal from the trial court's judgment of March 25, 1965.

In the instant matter, we do not find that the appeal is fatally defective. Appeals are favored in the law, must be maintained wherever possible, and will not be dismissed for technicalities. Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594. We do not find that defendant's inadvertency constituted a substantial cause for dismissal. Therefore, defendant intended to, and did, appeal from the judgment of May 18, 1966. See, Kirkeby-Natus, supra.

The record discloses and defendant admits that he did not pay for the transcription of all testimony of record. Thus far, all testimony is evidently not a part of the appellate record. We are not herein concerned with the reasons given by the defendant for not paying, nor are we concerned with the allegations of plaintiff's counsel with respect to demand for payment after the filing of the record in the Court of Appeal.[3] We must decide wheth-

3. Plaintiff's motions to dismiss were filed on October 4, 1967. The record was lodged in the Court of Appeal on April 10, 1967. LSA–C.C.P. Art. 2161 provides, "An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is im-

er non-payment of stenographic fees is a cause for dismissal of the instant appeal under the facts as set forth supra—the record was lodged in the Court of Appeal and the filing fees were paid. We find that the following statement from the case of Matlock v. Allstate Insurance Company, La.App., 153 So.2d 776, correctly answers the question:

> "The trial clerk is not required to lodge the record with the appellate court unless such costs and fees are paid. LSA–C.C. P. Art. 2127; LSA–R.S. 13:4445. However, when the trial clerk does timely file the record in the appellate court, together with the payment of the appellate court's filing fee, then the question of the appellant's failure to comply with LSA–C.C.P. Art. 2126 becomes moot, since the purpose of the article is simply to assist the trial clerk to receive such fees and costs in time to file the record in the appellate court by the return date. * * *" See, Downey v. Bellue, La. App., 178 So.2d 778.

We conclude that the instant appeal under its facts and circumstances is not fatally defective because of defendant's failure to pay stenographic fees for the transcription of part of the testimony of record before the appeal was lodged in the Court of Appeal. Whether the testi-

putable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which

mony will be required for a disposition of this case by the Court of Appeal is not a question for this decision. Plaintiff's motions to dismiss are therefore without merit.

For the reasons assigned, the judgment of the Court of Appeal, Fourth Circuit, is reversed and set aside; the appeal is reinstated; and, the cause is remanded to that Court for a determination of the merits thereof. Costs of the present proceedings in this Court are to be paid by plaintiff. All other costs are to await the final determination of the litigation.

the record on appeal is lodged in the appellate court, whichever is later."