ON MOTION TO DISMISS APPEAL
SARTAIN, Judge.
Appellees have filed a motion in this court seeking to have appellants’ appeal dismissed on the grounds that the appeal itself is from a judgment of the trial court denying appellants’ new trial which judgment as an interlocutory decree is not ap-pealable.
For reasons hereinafter stated we are of the opinion that the motion to dismiss the appeal should be denied.
A brief resume of the chronology of events leading up to the instant motion may be helpful. Appellants initially filed suit for personal injuries and property damages resulting from an automobile accident. The matter was heard on the merits on June 28, 1968 and then taken under advisement by the court.
On July 23, 1968, written reasons were handed down by the trial judge wherein judgment was rendered against appellants and in favor of appellees. On July 26,1968, judgment was read and signed in accordance with the written reasons. On July 29, 1968, appellants, citing eleven specification of errors, applied for a new trial which was ultimately heard on October 21, 1968. At the conclusion of argument, the trial judge denied a new trial and judgment was signed accordingly.
On the same date, namely, October 21, 1968, appellants filed a written motion for appeal which contains the following language :
“1.
That the judgment rendered herein on the 26th day of July, 1968, and that a motion for new trial was heard, is contrary to the law and evidence and that on October 21, 1968, at which time, the new trial *750 was denied, which judgment movers are prejudiced and aggrieved thereby.
2.
Movers now show that they desire to appeal devolutively therefrom to the Court of Appeal, First Circuit, of the State of Louisiana.
WHEREFORE, movers pray that they be allowed to appeal devolutively from the judgment denying the new trial rendered herein on the 21st day of October, 1968.” (Emphasis ours)
On October 21, 1968, the order signed by the trial judge provided:

“PREMISES CONSIDERED:

IT IS ORDERED, that a devolutive appeal be granted to the said Peggy Joann Dyer and Miriam Donaldson, plaintiffs herein, returnable to the Court of Appeal, First Circuit, State of Louisiana, on the 20 day of December, 1968, upon said plaintiffs furnishing bond with good and solvent surety, in the sum of $300.00 dollars.”' (Emphasis ours)
On October 21, 1968, the trial clerk of court mailed to counsel for both parties Notice of Appeal which contains the following:
“NOTICE is hereby given that on October 21, 1968, upon motion of counsel for plaintiffs in the above numbered and entitled cause, an order of appeal was entered granting a devolutive appeal from the judgment of October 21,1968 denying the motion for a new trial, which appeal is returnable to the Court of Appeal, First Circuit on December 20, 1968. Bond in the sum of $300.00.” (Emphasis ours)
The record after several extensions for the preparation was lodged in this court. Appellants filed their brief which makes no mention of any effort to appeal from a judgment denying them a new trial. Ap-pellees then filed the instant motion and subsequently filed their brief, with reservation of all rights relative to their motion.
The latest case wherein we had an opportunity to consider a factual situation similar to the one at hand was Smith v. Hartford Accident and Indemnity Company, La.App., 211 So.2d 103. In the cited case, we concluded that appellants’ petition for a suspensive appeal which stated specifically that an appeal was sought from a judgment signed on the date a motion for a new trial was denied, and where the “judgment desired to be appealed from is a judgment from a rule dismissing a new trial” clearly evidenced an intent to appeal from a non-appealable judgment. The panel considering the matter felt bound by the holding in General Motors Acceptance Corporation v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190, and dismissed the appeal.
The Supreme Court granted writs and in an opinion rendered on June 9, 1969,[1] reversed our decision and stated that the facts presented in Smith v. Hartford, supra, are indistinguishable from the circumstances presented in the later cases of Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904 and Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312. In analyzing the Kirkeby-Natus and Fruehauf cases, as they relate to the Smith case, Mr. Justice McCaleb as author of the opinion in the latter case stated:
“This Court, in General Motors Acceptance Corporation v. Deep South Pest Control, Inc., approved the dismissal of the appeal therein principally because it was contended in that matter that there was a right of appeal from an order denying a motion for a new trial. Later, in the cases of Kirkeby-Natus Corporation v. Campbell, supra, and Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So. 2d 312 (1968), where the motions recited that the appeals were being taken from judgments rendered on certain specific days, which referred to the days on which *751 application for new trials were refused, we concluded that the appeals should not be dismissed since the intention of the parties to appeal from the adverse judgments on the merits was evident despite the inadvertent statements respecting the judgments overruling the motions for a new trial.
In the Kirkeby-Natus case, which is factually similar to the instant matter, the Court reinstated the appeal which had been dismissed by the Court of Appeal, Fourth Circuit, on its own motion. In considering the circumstances surrounding the taking of the appeal involved therein, i. e., that the petitioner desired to appeal from the judgment rendered on July 6, 1965, the date of the refusal of the new trial, the Court adopted the broader view that, since the prayer sought an appeal ‘in the above entitled and numbered cause’ without reference to the date of the judgment, it was obvious that the petitioner intended to appeal and would appeal from the monied judgment rendered against him.
The same situation exists herein. The orders for appeal in this case and the Kirkeby-Natus case are identical; they state that the appeal is granted from ‘the judgment rendered in the above and numbered cause.’ It is true, as the Court of Appeal observes, that the petition for appeal and preamble of the suspensive appeal bond herein recite, in essence, that the appeal is being taken from the judgment dismissing a rule for a new trial. However, when it is considered that there was but one monied judgment in this case and that the suspensive appeal bond filed (which is the foundation of the appeal) is for $161,765 (one-half over and above the amount of the judgment), upon which the order of suspensive appeal is conditioned, it is perfectly clear that the appeal has been taken from the final judgment casting defendants in damages and that the statement, to the- effect that defendants were appealing from the interlocutory judgment overruling a motion for a new trial, is purely inadvertent and totally contradictory to defendants’ manifest intent. It was pertinently stated in the Kirkeby-Natus case: ‘ * * * it is apparent that the allegation in the petition relating to the judgment rendered on July 6, 1965 (the date of the denial of a new trial) was an inadvertent error which was neither misleading nor prejudicial to anyone involved in the litigation.’
The view we entertain is also fully sustained by our most recent expression on this subject in Fruehauf v. Baillio, supra, where under like circumstances the defendant stated in his motion for appeal that he was aggrieved by the judgment of August 8, 1966 (overruling a motion for a new trial). The Court of Appeal, Fourth Circuit, dismissed the appeal on its own motion and attempted to differentiate the case from our holding in the Kirkeby-Natus matter. We found that the appellant had committed an inadvertent error and maintained his right of appeal. In so doing, it was declared: ‘In the instant matter, we do not find that the appeal is fatally defective. Appeals are favored in the law, must be maintained wherever possible, and will not be dismissed for technicalities.’
We conclude that, under the facts presented herein, the dismissal of the appeal by the Court of Appeal on authority of the Deep South case is in error. The decisions in Kirkeby-Natus and Fruehauf are controlling.”
It is our opinion that the facts presented in the instant matter are indistinguishable from those considered in our earlier consideration of the Smith case, namely, that the motion and petition for appeal clearly refer to the judgment denying a new trial, the prayer specifically refers to the new trial, but the order signed by the trial judge does not make specific reference to the judgment denying a new trial and therefore cures any defect, inad-vertency, or obvious clerical error in the *752 application for an appeal which would otherwise prove fatal.
A study of the decision of the Supreme Court in Dora T. Smith v. Hartford Accident and Indemnity Company, supra, rendered by the Supreme Court, in our judgment holds that the rule of law that appeals are favored and should not be dismissed on technicalities except in such cases as there can be no doubt of the intention of the parties is so strong as to require that any possible doubt as to the intention of the parties be resolved against the dismissal of the appeal.
Accordingly, for the above and foregoing reasons the motion to dismiss this appeal is denied.
Motion denied.

. La. Supreme Court, 223 So.2d 826.