CURRAULT, Judge.
This appeal arises from a jury verdict in favor of plaintiffs, Elaine and Raymond Romaire, and against defendant, Winn Dixie Louisiana, Inc. (Winn-Dixie), for damages suffered in a slip and fall accident on defendant’s premises. We affirm.
The facts reveal that on Saturday, July 30, 1983, plaintiff, Elaine Romaire, while grocery shopping in the Winn-Dixie store located on Williams Boulevard and West Esplanade Avenue in Kenner, Louisiana, slipped and fell in a puddle of water on the floor of the produce section of the store. The accident caused injuries to her wrist, lumbar region and coccyx.
A few hours following the accident, she was treated at East Jefferson General Hospital emergency room. At that time she was X-rayed, referred to her family physician and given pain medication for the weekend. On Monday, August 1, 1983, after spending a painful weekend due to her intolerance to the pain medication, she proceeded to visit her family doctor, Dr. Art Paul Gaines, who had been treating her for gastrointestinal problems. Plaintiff had a prior history of duodenal ulcers and an episode of hemorrhage. Due to her complaints regarding her wrist and coccyx pain, he referred her to the Pontchartrain Bone & Joint Clinic. She was treated once at the clinic but did not return because of a problem with insurance. On August 10, 1983, plaintiff was seen by Dr. S.J. Lococo, an orthopedic surgeon. Dr. Lococo was continuing to treat plaintiff at the time of trial of this matter. He diagnosed her injuries as a fractured coccyx, chronic lumbar strain secondary to trauma and osteoarthritis, and a sprained wrist.
As a result of the injuries she sustained in the fall, plaintiffs, Mr. and Mrs. Ro-maire, filed suit on January 3, 1984, and a jury trial of the matter was held on October 23-24, 1984. The jury returned a verdict in plaintiffs, Mrs. Romaire’s, favor for Thirty-Four Thousand Dollars ($34,000) in special and general damages and awarded Mr. Romaire Four Thousand Dollars ($4,000) for loss of consortium. The jury verdict was made judgment of the court on October 30, 1984.
Defendant filed a motion for new trial, remittitur and judgment notwithstanding the verdict on October 29, 1984; and plaintiffs filed a motion for additur on November 2, 1984. On January 4, 1985, the trial court signed an order denying defendant’s motions. On that date, defendant filed a motion for appeal. Plaintiffs’ motion for additur was denied on January 16, 1985. Incorporated in that judgment was a denial of defendant’s motion previously denied in the document entitled an order signed January 4, 1985. Plaintiff filed an answer to the appeal on March 14, 1985.
APPEAL BY DEFENDANT, WINN-DIX-IE
Defendant-appellant alleges the following as error by the trial court:
that (1) the jury award of $38,000 in damages to the plaintiffs is clearly erroneous and abusive of the “much discretion” afforded the trier of fact; and that
(2) the jury award of $14,000 to Elaine Lemoine Romaire for “past, present and future physical pain and suffering” is clearly excessive given the testimony of the plaintiff and her treating physicians.
At the conclusion of trial, the jury rendered a verdict in plaintiffs’ favor as follows:
1. Past, present and future medical expenses of Mrs. Ro-maire $15,000
2. Past, present and future physical pain and suffering of Mrs. Romaire 14,000
3. Past, present and future mental pain and suffering of Mrs. Romaire 5,000
4. Damages of Mr. Raymond Romaire 4,000
Total: $38,000
*973 Appellant, Winn-Dixie, argues that the award is not supported by the evidence.
Before we resolve appellant’s issue, we note that of the total award, Eight Thousand Six Hundred Eighty-Nine Dollars and Fifty-One Cents ($8,689.51) for past medical expenses were stipulated to by the parties. The award to Mr. Romaire of $4,000, while included in total amount of damages, was not argued; thus we conclude that claim is abandoned.[1] Therefore, the amount of the award in dispute is the remaining Twenty-Five Thousand Three Hundred Ten Dollars and Forty-Nine Cents ($25,310.49).
It is well established in Louisiana law that the standard of review by an appellate court of an award of damages is whether the trier of fact abused its “much discretion.” Reck v. Stevens, 373 So.2d 498 (La.1979); Arena v. Winn-Dixie Louisiana, Inc., 441 So.2d 73 (La.App. 5th Cir. 1983), writ denied 445 So.2d 1231 (La.1984). Only after an articulated analysis of the facts discloses an abuse of discretion does the court resort to prior awards to determine what amount would be an appropriate award. Reck, supra; Bourgeois v. Bill Watson’s Investments, Inc., 458 So.2d 167 (La.App. 5th Cir.1984).
In this case, Mrs. Romaire testified that at the time of the accident (a Saturday), she immediately experienced pain in her wrist and numbness of her buttocks. Shortly after the accident, while walking through the supermarket, she began to experience weakness, nausea and pain in her coccyx. She was taken home and for two hours attempted to alleviate the pain by lying down, walking and taking Tylenol (a non-prescription, aspirin-free pain reliever). Unable to alleviate the pain, she was taken to East Jefferson General Hospital Emergency room. There X-rays were taken and she was sent home with her wrist bandaged and a prescription pain reliever containing codeine. The medication caused her to vomit and as she was not able to see her family physician until Monday, she stated that she spent the rest of the weekend in severe pain from her wrist and lower back area. It was not until she visited Dr. Lococo on August 10, 1985 that she received a pain medication (Vicodin) that she was able to tolerate.
Appellee stated that for four months her coccyx area was very painful and she could not sit, lie down or effectively do any activity without pain. She needed assistance to bathe. She stated that the coccyx was persistently painful for six months, but at time of trial she suffered only occasional pain, usually related to bowel movements.
Mrs. Romaire further testified her back was very painful during the first month, but gradually improved. However her back continued to hurt when bending, stooping, mopping and lifting. At time of trial she claimed that the back pain resumed when she was active. In regard to her wrist, she stated that the sprain healed in approximately six weeks.
The testimony of Mrs. Romaire and her husband further indicated that prior to the accident she was extremely active. Before moving to Kenner in 1982, she was employed in Texas.
While only 47 at the time of the accident, Mrs. Romaire has five children from a previous marriage and one from the marriage with Mr. Romaire. They have been married 27 years and she has a total of seven grandchildren. The plaintiffs returned to this area in 1982 in order to be closer to the family. She has not been employed since returning.
In addition, the plaintiffs have custody of Stassi, a 4V2 year old grandchild whom they have raised since birth. The evidence shows that Mrs. Romaire and Stassi enjoyed many activities together including daily aerobic exercise, walks, jogging and swimming. At the same time she performed all the household tasks and enjoyed cooking. Since the accident she stated her prior activities have been sharply curtailed which causes her distress. The distress and the medications she has been taking, *974 she claims, has aggravated her prior gastrointestinal problems and has resulted in more frequent visits to Dr. Gaines and an increase in stomach medications. She also stated that sexual activity with Mr. Ro-maire ceased for several months following the accident and that it continues to be curtailed due to discomfort.
Mr. Romaire, who was 53 at time of trial, is self employed in the moving business. His testimony supported his wife’s testimony relative to the pain she suffered for six months as well as the problems she continues to experience. He stated that for three months the couple was unable to have marital relations and that since then their marital relations have been curtailed because the sexual act causes Mrs. Romaire some pain. He stated that Mrs. Romaire, an excellent housekeeper, is no longer able to perform her household duties as well as she did previously and that her other physical activities have been reduced to walks.
While several physicians treated Mrs. Romaire after the accident, Dr. Loeoco remained her primary treating physician. At time of trial of the matter she had not been discharged from his care. He and Dr. Gaines indicated Mrs. Romaire received Adavin (a tranquilizer), Tagamet (an acid-blocking medicine), Soma (a muscle relaxant) for her gastrointestinal problems and Vicodin (a pain reliever) for complaints of pain. He stated that her injuries were essentially of six months’ duration and that her continuing back complaints were a result of arthritis as opposed to the lumbar strain, although he could not make the statement with medical certainty. He and Dr. Gaines, her family physician, were adamant that appellee’s complaints were genuine and that she was not malingering. Dr. Loeoco stated that Mrs. Romaire suffered a severe lumbar strain which triggered a dormant arthritic condition. He felt that the duration of the symptoms were prolonged by the injury to the coccyx and the osteoarthritis. He noted, however, that the fractured coccyx is a painful injury and requires narcotics to be taken frequently for relief and did not find her sporadic complaints of pain in the area unusual, as he has treated coccyx injury cases for as long as twenty years. In regard to appellee’s back, he noted that she is required to visit his officer every three to four weeks and that she was hospitalized for physical therapy and traction in January, 1984 for two weeks. His prognosis is that the back pain will gradually decrease.
Dr. Gaines testified that Mrs. Romaire’s visits for her stomach problems have increased since the injury. It was his opinion that the anxiety associated with the accident and the resulting reduced activities probably aggravated her gastrointestinal problems.
While in the hospital in January, 1984, Dr. David A. Weilbacher, a general surgeon, was consulted as to Mrs. Romaire’s stomach difficulties. After tests, no ulcers or inflammation were found. However her condition improved after embarking upon a bland diet with six small feedings a day plus antacids and Tagamet. He felt neither the fall itself nor the medications she was using caused an aggravation of her symptoms. He did state that inactivity could cause a hyperacid stomach to become more prone to an aggravation of the upper gastrointestinal tract.
In reviewing the evidence in this case, it is clear that appellee suffered a wrist injury of six weeks’ duration and a painful injury to her coccyx and lumbar spine which lasted at least six months and is continuing to some extent. Further, the evidence shows that those damages she sustained affected her lifestyle to a distressing degree. The jury also was presented with contradictory testimony in regard to whether her gastrointestinal problems suffered some aggravation from the limitations she was forced to endure.
The jury has great discretion in awards of damages and is the judge of the credibility of witnesses. Taking all evidence into consideration, we find that the jury did not abuse its discretion in its award. Thus we decline to disturb the award of $38,000.
CROSS-APPELLANTS, ELAINE AND RAYMOND ROMAIRE
Plaintiffs-appellants present the following issues for our review:
*975 (1) Whether the defendant-appellant has made the requisite showing of irreparable harm to allow this court to review the district court’s interlocutory order denying defendant-appellant’s motion for a new trial;
(2) Whether defendant-appellant can take an appeal from the district court’s denial of its motion for remittitur;
(3) Is the final judgment of the district court the subject of the appeal of defendant appellant; and
(4) If the final judgment is properly the subject of the appeal of defendant-appellant, did the jury abuse its discretion in awarding the plaintiffs a judgment in the amount of $38,000.
Plaintiff-appellant first challenges the appeal filed by defendant-appellant Winn-Dixie, contending that defendant’s appeal is from the judgment denying the motion for new trial and remittitur.[2] It is correctly argued that judgments denying those motions are interlocutory in nature and thus unappealable without a showing of irreparable injury. LSA-C.C.P. Article 2083. However, appeals are favored in law and should not be dismissed except for substantial causes free from doubt. Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904 (1967); Davidge v. Magliola, 346 So.2d 177 (La.1977); U.S. Fire Ins. Co. v. Swann, 424 So.2d 240 (La.1982); Dural v. City of Morgan City, 449 So.2d 1047 (La.App. 1st Cir.1984).
The Dural case involved a motion for appeal which appeared to be an interlocutory appeal of a denial of motion for new trial. The court there appropriately noted:
“Nevertheless, there is a line of Supreme Court cases which holds that where a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits. Smith v. Hartford Accident and Indemnity Company, 254 La. 341, 223 So.2d 826 (La.1969); Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312 (La.1968); Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904 (La.1967). See also Johnson v. Johnson, 432 So.2d 1140 (La. App. 3rd Cir.1983). In these cases, the court did not require much to conclude that the appellant actually intended to appeal from the judgment on the merits and that it was merely due to inadverten-cy that the date of the judgment denying a new trial was given. Factors cited in these cases as showing such an intent include the appellant’s assertion to that effect, whether the parties briefed issues on the merits of the final judgment and whether the language of the order granting the appeal indicated that it was from the judgment denying a new trial.” At page 1048.
The motion for appeal in this case recited the following:
“... the defendant desires to appeal suspensively from the December 13,1984 denial of defendant’s motion for remit-titur and for new trial, which motion defendant brought for hearing pursuant to a judgment rendered in accord with the jury verdict of October 24, 1984, said judgment having been rendered October 30, 1984.”
While the order makes no reference to the judgment appealed from the briefs filed by both parties address the merits of the case. In addition, appellant asserts directly that it was intended to appeal from the trial court judgment on the merits as stated in his brief in opposition to the motion to *976 dismiss the appeal which we dismissed for untimeliness (See Footnote 2).
Considering those factors and the jurisprudential policy to allow appeals when not clearly prohibited, we decline to dismiss the appeal.
In plaintiffs-appellants’ second assignment of error, an argument is made to increase the award. We have addressed the quantum question in detail previously and in light of our findings we find no basis to increase the award.
Therefore, after a review of the law and evidence, the judgment of the trial court is hereby affirmed.
Costs are to be paid by defendant-appellant, Winn-Dixie Louisiana, Inc.
AFFIRMED.

. Uniform Rules — Courts of Appeal, Rule 2-12.-4.

. Plaintiff-appellant also filed a motion to dismiss the appeal which we in turn dismissed for untimeliness. Nonetheless, we find the issue reviewable as the jurisdiction of an appeal is noticeable by the court or litigants any time. LSA-C.C.P. 2162; Fruehauf Trailer Company v. Baillio, 204 So.2d 139 (La.App. 4th Cir. 1967); writ issued 251 La. 757, 206 So.2d 98, rev. on other grounds, 252 La. 181, 210 So.2d 312, on remand 223 So.2d 471; Gilcrease v. Gilcrease, 438 So.2d 658 (La.App. 2d Cir.1983), writ den. 442 So.2d 461 (La. 1983).