GRISBAUM, Judge.
This is a personal injury case in which plaintiff Diane Arena appeals the amount of damages awarded. The jury found defendant Winn Dixie negligent and awarded $1500 for past pain and suffering; $500 for future pain and suffering; and $500 for embarrassment and inconvenience. The parties stipulated to the medical bills of $184.99. We affirm.
On April 9,1981 Diane Arena, while shopping in a Winn Dixie food store, slipped in a puddle of wax and fell hitting her head and lower back. Thereafter, she was taken to a hospital emergency room where x-rays were made of her skull and the cervical and lumbosacral spine area. The x-rays were normal. The next day she was examined by Dr. Fleming, an orthopedic surgeon. He diagnosed her condition as acute lumbar sprain. From April 10 through October 30, 1981, she visited Dr. Fleming on four different occasions. Dr. Stokes, an orthopedic surgeon, examined her for Winn Dixie on September 8, 1981.
The sole issue is whether the jury abused its discretion in its award of damages.
Louisiana Civil Code Article 1934(3) and Louisiana Supreme Court cases set forth the principles of appellate review for assessment of general damages. Article 1934(3) provides that in assessing general damages, “much discretion must be left to the judge or jury....” Applying Article 1934(3) to review of damage awards, Supreme Court decisions have indicated a methodology for this review. See, Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, 341 So.2d 332 (La.1976); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963). Only if the record “clearly reveals” that the trier of fact abused its discretion in making its award of damages, can we disturb an award of the trial court. Coco, 341 So.2d 332, 335. Reck v. Stevens explained,
“Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case.” Reck v. Stevens, 373 So.2d 498, 501 (La.1979).
The record reflects Dr. Fleming’s examination on April 10, 1981 revealed muscle spasm of moderate degree; active motion in the lumbar region 50 percent normal; and restriction of motion in all spheres. A straight leg test produced discomfort in the lower back at 60 degree elevation. He also found she had not experienced nerve damage. On her April 24 visit, she complained of pain in the coccyx area. X-rays of that area indicated some evidence of arthritic *75 involvement and no evidence of fracture. Dr. Fleming testified it is not unusual for arthritis to become symptomatic after a trauma. On August 25, 1981, his examination indicated a lumbar strain, which was in the process of resolution. In addition, he noted some slight restriction of motion but no muscle spasm. Moreover, on cross-examination, he stated his diagnosis was a sprain of the lower back, not an aggravation of an arthritic condition. Finally, he described her lower back injury as mild to moderate. Dr. Stokes, Winn Dixie’s medical expert, testified she sustained contusions to sacral coccygeal region and lumbar strain. He found no nerve route compression or irritation and no mechanical findings. He estimated a three to six week recovery period for this mild to moderate lumbar strain.
After careful review of the record, this court does not find the medical evidence “clearly reveals” an abuse of the jury’s discretion. Therefore, absent an initial determination that the trial court’s very great discretion in the award of general damages has been abused, this court should not disturb the trier’s (jury’s) award. Reck v. Stevens, 373 So.2d 498, 501 (La.1979).
We affirm the judgment of the trial court. The cost of this appeal is assessed against the appellant.
AFFIRMED.