GRISBAUM, Judge.
This is a personal injury matter in which the State of Louisiana (the State) appeals the ruling of the trial court which awarded the plaintiff $59,861.79 in damages. We amend, and, as amended, affirm.

ISSUES

We are called upon to determine three specific issues:
(1) Whether the trial court committed reversible error in allowing hearsay evidence to prove defendant’s breach of duty;
(2) Whether the trial court erred in finding the plaintiff free from fault; and
(3) Whether the trial court abused its discretion in awarding damages.

*591
FACTS

This action arises out of a motorcycle accident which took place near the I—10 Laplace Exit. Plaintiff was injured when the motorcycle he was riding struck a tree limb which had been blown onto the roadway by Hurricane Florence. He filed suit against the Louisiana Department of Transportation and Development (DOTD) maintaining that DOTD was negligent in not properly maintaining the interstate, not removing the partially obstructing tree limb, and failing to warn approaching vehicles and drivers of hazardous conditions. After a trial on the merits, judgment was rendered finding DOTD 100 percent negligent and awarding damages to plaintiff in the amount of $59,861.75.

ANALYSIS—ISSUE ONE

La.R.S. 9:2800, in part, provides:
B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
C. Constructive notice shall mean the existence of facts which infer actual knowledge.
D. A violation of the rules and regulations promulgated by a public entity is not negligence per se.
At trial, the plaintiff offered a certified copy of a station log kept by the Louisiana state police and a copy of a radio log made by the local sheriffs department as proof that DOTD had actual knowledge and reasonable opportunity to remedy the defect. Defendant now contends that this evidence is based on hearsay. However, defendant’s failure to raise the objection during trial waived its right to assert the objection on appeal. Professional Credit Serv. of New Orleans, Inc. v. Harris, 539 So.2d 1004 (La.App. 4th Cir.1989). Therefore, this assignment has no merit.

ISSUE TWO

La.C.C. art. 2323 provides:
When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss.
Negligence is a question of fact to be decided by the trier of fact. Whether a factfinder determines a party to be one percent at fault, totally at fault, or somewhere in between, the manifest error rule applies. Thomas v. Missouri-Pacific R.R. Co., 451 So.2d 1152 (La.App. 3d Cir.1984).
Here, despite the fact that hurricane conditions existed the previous night, it is undisputed the weather was clear and roads were dry on the night of the accident. Additionally, the plaintiff testified he was travelling seven car lengths behind the preceding vehicle. Considering the record in its entirety, we cannot say the trial court committed manifest error in finding DOTD 100 percent at fault.

ISSUE THREE

Louisiana Civil Code Article 1934(3) and Louisiana Supreme Court cases set forth the principles of appellate review for assessment of general damages. Article 1934(3) provides that in assessing general damages, “much discretion must be left to the judge or jury_” Applying Article 1934(3) to review of damage awards, Supreme Court decisions have indicated a methodology for this review. See, Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, 341 So.2d 332 (La.1976); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64 *592 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963). Only if the record “clearly reveals” that the trier of fact abused its discretion in making its award of damages, can we disturb an award of the trial court. Coco, 341 So.2d 332, 335. Reck v. Stevens explained.
“Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case.” Reck v. Stevens, 373 So.2d 498, 501 (La.1979).
Arena v. Winn-Dixie of Louisiana, Inc., 441 So.2d 73, 74 (La.App. 5th Cir.1983), writ denied, 445 So.2d 1231 (La.1984).
Here, other than brush burns, the record is void of any objective physical findings of injury. Plaintiff was initially seen by Dr. B.C. Mason at the River Parishes Medical Center. His brush burns were cleaned and dressed and Dr. Mason prescribed antibiotics to prevent infection. On September 20, September 29, and October 20, 1988, plaintiff was seen by Dr. Stewart E. Altman who diagnosed back strain based solely on the history given by the plaintiff and his subjective complaints of pain on exertion. Dr. Altman testified that he did not order any diagnostic tests and that the only medications prescribed were Soma, a muscle relaxant, and Darvocet, a nonnarcotic analgesic. Plaintiff saw Dr. Altman on three occasions and attended physical therapy sessions in September and October of 1988.
The record also shows that plaintiff graduated on October 27, 1988 and began working for Maison Blanche on October 31, 1988. Plaintiff did not seek medical assistance again until August 1989, at which time he saw Dr. Luis Bogran. Again, plaintiff was diagnosed with chronic pain based solely on his history and subjective complaints of pain. The tests performed by Dr. Bogran were nothing more than routine office visit range of motion type exams. Further diagnostic studies were not warranted since the plaintiff only saw Dr. Bogran twice. Therefore, plaintiffs medical evidence, at best, suggests that he may have suffered mild back strain. To suggest anything else without a complete diagnostic workup would be mere speculation.
We must now determine what the award should have been. Our jurisprudence mandates that
Only after such determination of abuse has been reached, is a resort .to prior awards appropriate under Coco for purposes of then determining what would be an appropriate award for the present case.
If the initial determination of exces-siveness of insufficiency, an examination of prior awards has a limited function — if indeed the facts and circumstances of the prior awards are closely similar to the present. The prior awards may serve as an aid in this determination only where, on an articulated basis, the present award is shown to be greatly disproportionate to past awards (not selected past awards, but the mass of them) for (truly) “similar” injuries, see Coco at 341 So.2d 334.
Reck v. Stevens, 373 So.2d 498, 501 (La.1979).
An award may be disturbed by lowering (or raising) it to the highest (or lowest) point which is reasonably within the discretion afforded the trier of fact. Ard v. Samedan Oil Corp., 483 So.2d 925 (La.1986). Here, a quantum study on mild back and neck strain reveals that awards range from $300 to $10,000. Therefore, plaintiff’s award should be reduced to $10,-000, the highest point which is reasonably within the discretion of the trier of fact.
As to special damages, there is no evidence of record that the plaintiff suffered loss of income following the accident. He testified that he graduated two months after the accident and was employed three days after graduation. Yet, the trial court awarded him $7500 for lost income based on the fact that plaintiff failed to receive his “perfect attendance award.” At best, this rationale is ludicrous and is accordingly reduced to zero.
Accordingly, plaintiffs damage award is hereby reduced as follows:
*593 Medical $ 2361.75
Motorcycle 800.00
General Damages 10,000.00
TOTAL $13,161.75
For the reasons assigned, the judgment of the trial court dated July 30, 1990 is amended in the following respects: that part of the judgment which awarded special damages in the amount of $9861.75 is amended to read “$3161.75.” Additionally, that part of the judgment which awards plaintiff general damages in the amount of $50,000 is amended to read “$10,000.” Finally, that part of the judgment which gives to the plaintiff the full sum of $59,-861.75 is amended to read “$13,161.75.” In all other respects, the judgment is hereby affirmed. All costs of this appeal are hereby assessed against the appellee.
AMENDED AND, AS AMENDED, AFFIRMED.