HIGGINBOTHAM, J.
12This is an appeal from a district court’s grant of summary judgment, dismissing the plaintiffs suit that arose out of an alleged malfunction of a home-based oxygen machine that was provided by the defendant.
BACKGROUND
The defendant in this case, Pulmonary Care Specialists, Inc. (“PCS”), provided a home-based oxygen machine to the plaintiff, Robert D. Byrd.[1] Byrd filed suit *194 against PCS on February 18, 2011, seeking damages stemming from his respiratory failure and subsequent hospitalization caused by an alleged malfunction of the oxygen machine. Byrd claimed that PCS was negligent in that it had contracted to provide maintenance, supplies, and repairs of the oxygen machine, but then refused or neglected to perform those services after being contacted on several occasions. Byrd further alleged that PCS breached a duty to provide safe equipment for his use, failed to take proper precautions or actions to rid the equipment of injurious conditions, and failed to timely inspect the equipment for defects and hazards.
PCS denied all allegations and eventually filed a motion for summary judgment, asserting that Byrd had “provided no evidence, expert or otherwise, demonstrating the appropriate standard of care of PCS, any breach of the applicable standard of care or demonstrating any problem with the machine at issue at the time of the incident.” PCS further asserted that the evidence revealed no witness who could testify as to what actually occurred at the time of Byrd’s respiratory failure or whether Byrd’s condition was related to a malfunction in the oxygen machine. In support of its motion, PCS relied on excerpts of the deposition testimony of Byrd hand his mother. While Byrd had no actual recollection of the day of the alleged incident, his mother, Ethel Vernon (also referred to as Jewell in the record), testified that the oxygen machine was operating prior to and at the time that she found her son unconscious. Byrd’s mother admitted that there was no inspection or testing made of the oxygen machine before she put it out with the garbage, and Byrd testified that he had no knowledge of the whereabouts of the oxygen machine.
Byrd filed a late (actually after the hearing itself) opposition to PCS’s motion for summary judgment, relying on excerpts of the deposition testimony of PCS’s corporate representative, Staci Warner, who stated that PCS was not providing services to Byrd at the time of the incident, as well as the testimony of PCS’s employee, Jennifer Truax, who documented a phone call from Byrd’s mother requesting service the day before the incident. Byrd argues that these statements show that genuine issues of material fact exist as to whether PCS knew of the malfunctioning oxygen machine and whether PCS breached a duty to service the oxygen machine. Byrd did not provide any evidence to support his allegations that the oxygen machine actually malfunctioned in some way and caused his respiratory failure.
Byrd’s counsel was not present at the hearing on PCS’s motion for summary judgment on February 9, 2015, and the record reflects that he did not file a motion for continuance. After considering the pleadings, evidence, law, and arguments, the trial court signed a final judgment on March 10, 2015, granting PCS’s motion for summary judgment and dismissing all claims against PCS. Byrd timely filed a motion for new trial, stating in his motion that the “judgment is contrary to the law and the evidence” and “not appropriate under the facts of this particular case,” without any memorandum in support. PCS opposed the motion for new trial, pointing out that Byrd had not filed an opposition to its motion for summary | ¿judgment at the time of the hearing on the motion. After a hearing concerning the new trial motion, where Byrd questioned whether the trial court had considered his late-filed opposition to PCS’s summary judgment, the trial court denied Byrd’s motion for new trial on June 5, 2015. Thereafter, *195 Byrd filed a motion for appeal “from the final judgment rendered on the 8th day of June 2015[,]” which was actually the date of notice of the new trial denial. On appeal, Byrd contends that the trial court erred in granting PCS’s motion for summary judgment and raises no assignment of error concerning the denial of his motion for new trial.
LAW AND ANALYSIS

Judgment Appealed

At the outset, we note the ambiguity of Byrd’s motion for appeal, in which he appears to appeal the denial of his motion for new trial, rather than the granting of PCS’s motion for summary judgment. A judgment denying a motion for new trial is an interlocutory order and is normally not appealable. See La. Code Civ. P. art. 2083(C). However, when a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits. See Smith v. Hartford Accident and Indemnity Company, 254 La. 341, 223 So.2d 826, 828-829 (1969). See also Thomas v. Comfort Center of Monroe, LA, Inc., 2010-0494 (La. App. 1st Cir. 10/29/10), 48 So.3d 1228, 1233; Dural v. City of Morgan City, 449 So.2d 1047, 1048 (La. App. 1st Cir. 1984). In this case, it is clear from the sole assignment of error that Byrd sought to appeal from the final judgment that granted summary judgment in favor of PCS and dismissed all claims against PCS. Byrd’s mistake in listing the date of the wrong judgment in his motion for appeal is insufficient grounds for the dismissal of his appeal, particularly since appeals are favored and will be ^dismissed only when the grounds are free from doubt. Dural, 449 So.2d at 1049. Thus, the merits of the summary judgment of March 10, 2015, are properly before us.

Motion to Strike Brief

In another preliminary matter, we must address PCS’s pending motion to strike Byrd’s appellate brief for nonconfor-mance. PCS protests Byrd’s late service of his appellate brief, his failure to attach the trial court’s transcribed oral reasons for judgment to his appellate brief, and the lack of record citations in his appellate brief. PCS further points out that the appellate record is missing a transcription of the hearing on the motion for summary judgment, which this court requires for consideration on the merits of Byrd’s appeal. PCS cites multiple Uniform Rules— Courts of Appeal violations, and asks this court to strike Byrd’s appellate brief in whole or in part. Our review of Byrd’s rules violations are not of such significance that it compels us to strike his brief. The sanction permitted to be imposed for a nonconforming brief is left to our discretion. NorthShore Regional Medical Center, L.L.C. v. Dill, 2011-2271 (La.App. 1st Cir. 6/8/12), 94 So.3d 155, 160, writ denied, 2012-1494 (La. 10/8/12), 98 So.3d 862.
When reviewing the trial court’s conclusion, we must render any judgment that is just, legal, and proper upon the record on appeal. See La. Code Civ. P. art. 2164. The record on appeal is that which is sent by the' trial court to the appellate court and includes pleadings, court minutes, transcripts, judgments and other rulings unless otherwise designated. La. Code Civ. P. arts. 2127, 2128, and Official Revision Comment (d) for Article 2127; Willis v. Letulle, 597 So.2d 456, 464 (La. App. 1st Cir. 1992). The briefs or memoranda of the parties and the attachments thereto are not part of the record on appeal when they have not been filed in evidence. See Tra *196 num v. Hebert, 581 So.2d 1023, 1026-1027 (La. App. 1st Cir.), writ denied, 584 So.2d 1169 (La. 1991). The appellant bears the burden of furnishing the appellate court with a record of the proceedings below. Gay v. C & D of Shreveport, 25,319 (La. App. 2d Cir. 10/26/94), 645 So.2d 280, 282. When the record lacks a transcript that is pertinent to an issue raised on appeal, the inadequacy of the record is attributable to the appellant. Id. See also Carter v. Barber Bros. Contracting Co., Inc., 623 So.2d 8, 10 (La. App. 1st Cir.), writ denied, 629 So.2d 1180 (La. 1993). If a transcript, exhibits or other documentation are missing and the appellant fails to act, there is no basis for the appellate court to determine that the trial court erred and the judgment is affirmed because a judgment is presumed correct. State in Interest of Solomon, 95-0638 (La. App. 4th Cir. 3/27/96), 672 So.2d 1039, 1043; Werner Enterprises v. Westend Dev. Co., 563 So.2d 540, 543 (La. App. 5th Cir. 1990).
Under the circumstances of this case, we find that striking Byrd’s brief or portions of the brief would be unreasonably harsh. Accordingly, we deny PCS’s motion to strike. Furthermore, while we note the inadequacy of the record in that it is missing the transcript of the hearing on PCS’s motion for summary judgment, the appellate record does contain pleadings and Byrd’s late-filed opposition memorandum with attachments. A trial court’s consideration of a late-filed opposition to a motion for summary judgment will not be disturbed upon appeal absent an abuse of discretion. See Smith v. Rapides Healthcare System, L.L.C., 2013-1172 (La.App. 3d Cir. 3/5/14), 134 So.3d 122, 126-27, writ denied, 2014-0734 (La. 5/23/14), 140 So.3d 728. While Byrd’s opposition clearly was filed untimely, we are not in a position to second-guess the trial court’s discretion in considering the opposition and supporting documents in its summary judgment determination, because the trial court’s reasons for its determination are not in the appellate record. Therefore, we will consider the merits of Byrd’s sole assignment |7of error: whether the trial court erred in granting summary judgment in favor of PCS. However, we will not consider any attachments to Byrd’s opposition because the attachments, while filed in the trial court, were not introduced into evidence and are not part of the record on appeal. Tranum, 581 So.2d at 1027.

Motion for Summary Judgment

Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Richard v. Hall, 2003-1488 (La. 4/23/04), 874 So.2d 181, 137. On a motion for summary judgment, the burden of proof is on the mover. If the moving party will not bear the burden of proof at trial on the matter, that party’s burden on a motion for summary judgment is to point out an absence of factual support for one or more essential elements of the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, and the mover is entitled to summary judgment. The adverse party may not rest on the mere allegations or denials of his pleading. His response, by affidavits or otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. See La. Code Civ. P. art. 966[2]; La. *197 Code Civ. P. art. 967; Robles v. Exxon-Mobile, 2002-0864 (La.App. 1st Cir. 3/28/03), 844 So.2d 339, 341. If the adverse party does not so respond, summary judgment, if appropriate, will be rendered against him. Robles, 844 So.2d at 341.
We have thoroughly reviewed the evidence in the record and agree with the trial court’s conclusion that summary judgment in favor of PCS was appropriate in lathis case. In support of its motion for summary judgment, PCS submitted evidence showing a lack of factual support for an essential element of Byrd’s negligence claim, i.e., that the oxygen machine somehow malfunctioned and caused Byrd’s respiratory failure. PCS also cites Samaha v. Rau, 2007-1726 (La. 2/26/08), 977 So.2d 880, 883-884, arguing that Byrd failed to produce expert medical testimony regarding the applicable standard of care, the breach of that standard, and a causal connection between the breach and the resulting harm, which are all elements that are required in an action sounding in medical malpractice. However, we decline consideration of this argument since there is no indication in the record that PCS is a qualified health care provider entitled to the limited liability protection of the Louisiana Medical Malpractice Act (“MMA”).[3] None of Byrd’s allegations are treatment related or related to a dereliction of professional skill by a health care provider. The tenor of Byrd’s allegations present an action for ordinary negligence that do not require expert medical evidence to determine whether a standard of care was breached. Expert medical testimony is not needed to determine if an oxygen machine malfunctioned. Byrd’s allegations do not involve the assessment of his medical condition, but rather involve the negligent maintenance of medical equipment.
After PCS submitted evidence showing the lack of factual support for Byrd’s claims that the oxygen machine provided by PCS somehow malfunctioned and caused Byrd’s respiratory failure, Byrd was required to come forward with evidence to support his allegations. Byrd failed to bring forth any evidence to show that the oxygen machine malfunctioned or that the alleged malfunction caused him injury. Thus, Byrd has not shown that he would be able to satisfy his evidentiary burden of |aproof at trial. His unsubstantiated arguments and conclusory allegations to the contrary are without merit.
CONCLUSION
For all of the assigned reasons, PCS’s motion to strike portions or the entirety of Byrd’s brief is denied. The trial court’s judgment granting summary judgment in favor of PCS and dismissing all claims against PCS is hereby affirmed. All costs of this appeal are assessed to the plaintiff/appellant, Robert D. Byrd, and/or the substituted plaintiff/appellant, Sonia Maria Casnave,
MOTION TO STRIKE DENIED; JUDGMENT AFFIRMED.

. Byrd died on August 2, 2014. Sonia Maria Casnave, the mother of Byrd's two minor children and sole heirs, was later substituted as the plaintiff in this action. For purposes of *194 this appeal, we will continue to refer to Byrd as the plaintiff.

. Louisiana Code of Civil Procedure article 966 was amended by La. Acts 2015, No, 422, § 1, effective January 1, 2016. However, the amended version of Article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of *197 the Act. Therefore, we refer to the former version of Article 966 in this case, See La. Acts 2015, No. 422 §§ 2 and 3.

. Under the MMA, all malpractice claims against a health care provider must go before a Medical Review Panel before a suit can be filed against the health care provider. See former La. R.S. 40:1299.47(A)(1)(a) and (B)(l)(a)(I).