STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CU 0365

NICHOLAS MILLER

VERSUS

TEAL DICHERRY

Judgment Rendered: NOV 2 4 2020

* * * * *

On Appeal from the
23rd Judicial District Court
State of Louisiana, Parish of Ascension
No. 110,689

The Honorable Alvin Turner, Jr., Judge Presiding

* * * * *

Robert N. Aguiluz                    Counsel for Plaintiff/Appellant,
Baton Rouge, Louisiana               Nicholas Miller


Roy H. Maughan, Jr.                  Counsel for Defendant/Appellee,
Namisha D. Patel                     Teal Dicharry
Joshua D. Roy


* * * * *

BEFORE: HIGGINBOTHAM, THERIOT, AND WOLFE, JJ.

Higginbotham, J. dissents.

**WOLFE, J.**

In this child custody dispute, the child's father appeals the trial court's judgment that modified custody and his child support obligation. We affirm.

## FACTS AND PROCEDURAL HISTORY

Teal Dicharry[1] and Nicholas Miller are the parents of H.M. and have been litigating custody since shortly after H.M.'s birth in 2014. On August 9, 2016, the trial court rendered a considered decree of custody that named Ms. Dicharry the domiciliary parent and ordered that the parties share "50/50 joint physical custody" of H.M. on an alternating weekly basis. On September 15, 2017, the trial court rendered judgment on cross-motions to modify custody, maintaining the 50/50 custody arrangement with Ms. Dicharry remaining the domiciliary parent, but ordering that the child be vaccinated and granting Mr. Miller full authority to make medical decisions. This court affirmed both judgments. **Miller v. Dicherry**, 2017-1656 (La. App. 1st Cir. 5/29/18), 251 So.3d 428; **Miller v. Dicherry**, 2017-0699 (La. App. 1st Cir. 9/27/17), 2017 WL 4314358. Shortly after rendition of the September 15, 2017 judgment, the case was transferred to another division of the trial court with a different presiding judge.

In 2019, Ms. Dicharry filed another motion to modify custody and support, and to restore medical rights and other incidentals. She alleged that since the September 15, 2017 judgment, there had been a material change in circumstances. Specifically, she alleged that: Mr. Miller worked shift work and was unable to exercise his physical custody periods, instead leaving the child with his parents without offering her the right of first refusal; Mr. Miller failed to maintain required health insurance and take care of the child's medical needs; Mr. Miller attempted to alienate the child, including bribing the child not to speak to Ms. Dicharry at medical

---

[1]    Ms. Dicharry's name is erroneously spelled in the case caption.

2

appointments; the child was scheduled to begin kindergarten in the fall of 2019; and Ms. Dicharry purchased a home in Central, Louisiana, where the child's placement in the Central Community School District would allow the child to thrive academically. Ms. Dicharry additionally contended the parties' incomes had significantly changed since December 2016, when Mr. Miller's child support obligation was established.

After a trial and consideration of post-trial memoranda, the trial court stated in its reasons for judgment that it found that Ms. Dicharry's move to Central and H.M. reaching school age constituted a change in circumstances materially affecting the welfare of the child. The trial court noted that as domiciliary parent, Ms. Dicharry had the authority to choose the child's school and that Ms. Dicharry enrolled the child in the Central School District after she was not accepted into the magnet program at the East Baton Rouge Parish school she had attended for pre-kindergarten. The trial court explained that Mr. Miller lives in Prairieville, Louisiana, a "substantial" distance from Central. The trial court stated it was "fully aware" and took judicial notice of the heavy traffic conditions that would be confronted if the child were to travel to school from Prairieville then back to Mr. Miller's home in the afternoon. Given the distance and travel time she would face, the trial court found continuation of the custody arrangement would be deleterious to H.M.

The trial court rendered judgment on August 5, 2019, maintaining joint custody, but altering the physical custody schedule so that during the school year Mr. Miller has custody every other weekend and two hours on "off-weeks," and Ms. Dicharry has custody at all other times subject to a holiday schedule. The trial court maintained Mr. Miller's right to make medical decisions other than in emergencies. Additionally, the trial court altered Mr. Miller's child support obligation. Mr. Miller now appeals.

3

# DISCUSSION

Mr. Miller contends the record does not support the trial court's finding of the distance between his home and the child's school, that it was legal error for the trial court to take judicial notice of traffic conditions, and that the trial court erred in finding that there was a change in circumstances materially affecting the welfare of the child and that such maintaining the current custody arrangement would be so deleterious to the child as to justify a custody modification. He argues that the trial court erred in modifying his child support obligation based on the improper modification of custody. Ms. Dicharry counters that the trial court's judgment must be presumed correct and affirmed since the appellate record, which was designated by Mr. Miller, does not contain the trial transcript.

The appellant bears the burden of furnishing the appellate court with a record of the proceedings below. **Byrd v. Pulmonary Care Specialists, Inc.**, 2016-0485 (La. App. 1st Cir. 12/22/16), 209 So.3d 192, 196. An appellant may designate the record and limit it to such portions that he desires to constitute the record on appeal. See La. Code Civ. P. art. 2128. If the designated record is inadequate for review of the issues on appeal, the judgment will be affirmed because it is presumed to be correct and deficiencies in the appellate record are attributable to the appellant. See Byrd, 209 So.3d at 196. Mr. Miller specifically excluded the transcript of the hearing from the designated record on appeal.[2] Further, he did not include a stipulation of facts by the parties or narrative of facts by the trial court other than the trial court's written reasons for judgment. See La. Civ. Code art. 2131.[3] Thus, our

---

[2] Mr. Miller requested designation of the record in response to the clerk of the trial court's estimation of the costs of appeal, which he explains in his appellate reply brief exceeded $6,000.00. Mr. Miller's requested designation specifically excluded any transcripts, explaining they were unnecessary to his arguments on appeal.

[3] Louisiana Code of Civil Procedure article 2131 provides, "If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive."

4

review is limited to consideration of the facts set forth in the trial court's written reasons for judgment and the limited record presented. See **Spohrer v. Fore**, 2009-1295 (La. App. 1st Cir. 6/11/10), 2010 WL 2342658, *5.

As the party seeking to modify a considered custody decree, Ms. Dicharry bore the heavy burden enunciated in **Bergeron v. Bergeron**, 492 So.2d 1193 (La. 1986). That is, she was required to prove that a change in circumstances materially affecting the welfare of the child occurred, such that the continuation of the existing custody arrangement was so deleterious to the child as to justify a modification of the custody decree, or that harm likely to be caused by a change of environment was substantially outweighed by its advantages to the child. See **Mulkey v. Mulkey**, 2012-2709 (La. 5/7/13), 118 So.3d 357, 364-65; **Bergeron**, 492 So.2d at 1200. Generally, the trial court's determination of these issues is based heavily on factual findings, and as such, will not be set aside in the absence of manifest error or unless the record establishes that they are clearly wrong. **Bonnecarrere v. Bonnecarrere**, 2009-1647 (La. App. 1st Cir. 4/14/10), 37 So.3d 1038, 1044 (en banc), writ denied, 2010-1639 (La. 8/11/10), 42 So.3d 381.

The overriding concern in all child custody disputes is the best interest of the child and the imposition of the heavy burden of proof is a means of implementing the best interest of the child in light of the special considerations presented in change of custody cases. See La. Civ. Code art. 131; **Gray v. Gray**, 2011-548 (La. 7/1/11), 65 So.3d 1247, 1259. As in most child custody cases, the trial court's determination as to what is in the best interest of the child is based heavily on factual findings. It is well settled that an appellate court may not set aside a trial court's findings of fact in the absence of manifest error or unless those findings are clearly wrong. **Ehlinger v. Ehlinger**, 2017-1120 (La. App. 1st Cir. 5/29/18), 251 So.3d 418, 422. A trial court's determination on a motion to change custody is entitled to great weight and

5

will not be disturbed on review in the absence of a clear showing of abuse of discretion. **AEB v. JBE**, 99-2668 (La. 11/30/99), 752 So.2d 756, 761.

The trial court applied the correct legal standard and found that Ms. Dicharry proved a material change in circumstances and that continuation of the existing custody arrangement would be deleterious to H.M. By intentionally excluding the transcript of the hearing from the appellate record, Mr. Miller has restricted this court's review to the facts stated in the trial court's reasons for judgment. However, Mr. Miller argues on appeal that the trial court's factual findings that form the basis for its decision are inaccurate and must be set aside.

First, Mr. Miller argues the trial court committed manifest error in finding a forty-mile distance between his home in Prairieville and the elementary school in Central, as proven by a map offered into evidence that shows a twenty-eight-mile route from his home and the school. The map referenced by Mr. Miller shows three possible routes from Prairieville and the school, with approximated after-school travel times ranging between thirty-eight and forty-five minutes. The map identifies the fastest travel route, which includes travel on Interstate 10 into Baton Rouge to merge onto Interstate 12, as a distance of twenty-eight miles. No other distances are indicated on the map. Ms. Dicharry suggests the trial court harmlessly misidentified the fastest shown travel time as the mileage.

In stating the distance, the trial court specifically qualified the mileage as only an approximation. More importantly, the exact mileage is not dispositive of whether Ms. Dicharry satisfied her burden of proof. Each child custody case must be viewed in light of its own particular set of facts and circumstances. **Babcock v. Martin**, 2019-0326 (La. App. 1st Cir. 10/24/19), 289 So.3d 606, 611. On this record, we cannot conclude that the trial court erred in finding that Ms. Dicharry's move to Central and the child beginning school in Central constituted a material change in circumstances.

6

Mr. Miller next contends the trial court legally erred in taking judicial notice of "the heavy traffic conditions which would be present should Mr. Miller, or someone on his behalf, have to transport [the child] between Prairieville and Central, to and from school, on a regular basis." Mr. Miller argues "[t]he record is clear that the trial court just willy-nilly made the general statement that there is traffic in Baton Rouge, and then assumed that Mr. Miller would be traveling through Baton Rouge and through whichever sections the pronouncement of judicial notice horrific traffic applies."

Judicial notice may be taken of a fact not subject to reasonable dispute because it is either generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. See La. Code Evid. art. 201. Without the ability to review what, if any, testimony was presented about the anticipated travel route between Mr. Miller's home and the school, we cannot review Mr. Miller's claim that the trial court committed legal error in taking judicial notice of traffic conditions that would affect the child's travel between Mr. Miller's home and school. We note, however, that the map Mr. Miller referenced in his previous argument indicates three travel times based on traffic along the respective routes, with the shortest travel time being thirty-eight minutes along the route Mr. Miller now claims he would not travel.

Finally, Mr. Miller argues that the trial court further erred in considering his work schedule because it was taken into account when the prior considered decree was rendered. However, the record before us does not allow us to compare Mr. Miller's work schedule at the relative times.

We are mindful of the trial court's competence to assess the credibility of the witnesses in making findings about the impact of the move and start of school on H.M. Constrained by the limited record before us, we cannot conclude that the trial court erred in finding Ms. Dicharry satisfied her burden of proof on the motion to

7

change custody.[4] As we find no error in the trial court's custody determination, we find no merit to Mr. Miller's argument that his child support obligation was erroneously adjusted based on the new custody arrangement.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Nicholas Miller.

**AFFIRMED.**

---

[4] We further note that Mr. Miller argues the alleged errors by the trial court warrant *de novo* review and rendition of judgment by this court. However, *de novo* review would be precluded in this case by the incomplete appellate record. See **Chambers v. Village of Moreauville**, 2011-898 (La. 1/24/12), 85 So.3d 593, 597 (stating that when a legal error interdicts the fact-finding process, *de novo* review should be undertaken *if the record is otherwise complete*).